UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RONALD M. BURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-903 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| AMERICAN EAGLE, INC., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an employment action brought by a *pro se* plaintiff, proceeding *in forma pauperis*. Plaintiff is a former employee of defendant American Eagle, Inc. Plaintiff's complaint alleges that in or around June 2006, he requested an accommodation necessitated by Crohn's disease, but that defendant refused the accommodation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq*. Plaintiff seeks an award of $25,000.00 for emotional pain and suffering and mental anguish arising from defendant's alleged failure to make a reasonable accommodation.

On November 20, 2007, defendant filed a Rule 12(b)(6) motion seeking dismissal of plaintiff's complaint because plaintiff did not file his administrative charge of discrimination within 300 days after the alleged unlawful employment practice occurred. (docket #14). On November 27, 2007, plaintiff filed a response to defendant's motion and a three-paragraph document plaintiff labeled as a motion for summary judgment. (docket # 17.). The matter is now before me for the issuance of a report and recommendation pursuant to a January 31, 2008 order of reference entered

by United States District Judge Janet T. Neff under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). (docket # 18). For the reasons set forth herein, I recommend that plaintiff's motion be denied, that defendant's motion be granted, and that judgment be entered in defendant's favor.

## Applicable Standards

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Roberts v. Ward*, 468 F.3d 963, 967 (6th Cir. 2006); *Flaim v. Medical Coll. of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006); *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006). Courts are not required to conjure up unpleaded allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 781 (6th Cir. 2007); *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Southeast Texas Inns, Inc.*, 462 F.3d at 671-72.

### Facts

Plaintiff alleges that in June of 2006, he was employed by defendant and that he worked in the baggage section at Gerald R. Ford International Airport. The airport's baggage section is located in a secure area that is accessed by key. Plaintiff states that he has Crohn's disease. He alleges that on the first day of his employment, he requested that he be provided with his own key as an accommodation. Defendant's Station Manager, Peter Sims, purportedly denied plaintiff's requested accommodation. Plaintiff alleges that in the absence of the requested accommodation he "was not permitted to use the toilet when he had to, and thus was forced to go in his pants."

On May 5, 2007, plaintiff filed an administrative charge of discrimination with the EEOC, claiming unlawful discrimination on the basis of disability:

> I began working for the above-mentioned employer on May 30, 2006; the last position held was Customer Service Agent.
>
> On or about May 30, 2006, I spoke with the Station Manager and requested a reasonable accommodation for my disability. He agreed to accommodate my disability.
>
> On or about June 6, 2006, I was placed in a secured area and denied a reasonable accommodation.
>
> On or about June 7, 2006, I was informed by the Station Manager that I was discharged because I did not state on my Employment Application that I work for another airline.

> I believe that I was discriminated against by being denied a reasonable accommodation and discharged based on my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

Plaintiff signed the administrative charge under penalty of perjury. The EEOC and Michigan Department of Civil Rights did not investigate plaintiff's charge because it had been filed more than 300 days after the alleged acts of unlawful discrimination.

## Discussion

A plaintiff bringing suit for violation of the ADA must first file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination or with the "State or local agency with authority to grant or seek relief from such practice" within 300 days after the alleged unlawful employment practice occurred. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Hall v. Scotts Co.*, 211 F. App'x 361, 363 (6th Cir. 2006); *accord Walker v. Hoppe*, 239 F. App'x 998, 999 (6th Cir. 2007). Plaintiff did not file his administrative charge until 332 days after the alleged act of discrimination. Plaintiff has presented nothing to the court to demonstrate that he complied with the 300-day limitation period. I find that plaintiff's claim against defendant is time-barred.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion to dismiss (docket # 14) be granted and that judgment be entered in defendant's favor. I further recommend that plaintiff's motion for summary judgment (docket # 17) be denied.


Dated: February 7, 2008 /s/ Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).